IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD SAPP,<br><br>Defendant. | Case No. CR11-2025<br><br>ORDER FOR PRETRIAL DETENTION |

On the 26th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, E. Daniel O'Brien.

### RELEVANT FACTS

On April 19, 2011, Defendant Edward Sapp was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1), making a house available for the distribution of heroin (Count 2), and possession with the intent to distribute of heroin within 1,000 feet of a school after having been previously convicted of a drug crime (Count 15). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on the telephone of co-defendant Arthur Scott. Calls intercepted by law

1

enforcement on Scott's telephone indicated that Defendant was involved in selling heroin as part of a drug conspiracy. Specifically, Defendant partnered with co-defendant Rochester Mitchell, and sold heroin out of Defendant's residence. Furman testified that Defendant and Mitchell were involved in controlled heroin buys on January 7, 10, and 27, 2011. On February 15, 2011, authorities executed 17 search warrants, including a search of Defendant's residence. Law enforcement found ten foils of heroin and drug packaging materials.

According to the pretrial services report, Defendant is 47 years old. He was born and raised in Newark, Jersey, and lived there until he moved to Waterloo about fifteen years ago. Defendant has never been married, and has no children.

Defendant is currently unemployed. He was fired from Tyson Fresh Meats in Waterloo in October 2010. Prior to being fired, he worked at Tyson Fresh Meats for fifteen years. He has no serious physical or mental health problems. Defendant admitted daily heroin use for the past five or six years, with his last use being the day before he was arrested.

In May 1982, at age 19, Defendant was charged and later convicted of shoplifting. In June 1982, Defendant was charged with possession of marijuana. The disposition of that charge is unknown. In August 1983, Defendant was charged and later convicted of robbery and carrying a prohibited weapon. He was sentenced to 10 years in prison.

In January 1993, Defendant was charged and later convicted of distribution of heroin and cocaine. He was sentenced to 3 years in prison. He was discharged in July 1995. In June 1997, Defendant was charged and later convicted of possession of marijuana. He twice failed to appear for arraignment, and an arrest warrant was issued and served. He was sentenced to 5 days in jail, which was suspended, and 1 year of probation.

In April 2000, Defendant was charged and later convicted of two counts of domestic abuse assault and assault. In April 2001, while on probation for the 2000 assault charges,

Defendant was charged and later convicted of operating a motor vehicle while intoxicated, first offense. In December 2002, Defendant was charged and later convicted of operating a motor vehicle while intoxicated, second offense. In November 2006, Defendant was charged and later convicted of driving while barred. On March 14, 2009, Defendant was charged and later convicted with possession of marijuana, second offense.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin, making a house available for

the distribution of heroin, and possession with the intent to distribute of heroin within 1,000 feet of a school after having been previously convicted of a drug crime, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin, making a house available for the distribution of heroin, and possession with the intent to distribute of heroin within 1,000 feet of a school after having been previously convicted of a drug crime. While it is difficult for the Court in a detention hearing to weigh the evidence of an alleged conspiracy, it appears that the evidence against Defendant is strong. Officer Furman testified to calls intercepted from a co-conspirator's wiretapped phone that indicated Defendant was involved in dealing drugs. Defendant and his partner and co-defendant, Rochester Mitchell, were involved in three controlled buys of heroin by law enforcement. During a search warrant executed on Defendant's residence, law enforcement found ten foils of heroin and drug packaging materials.

The charges against Defendant are very serious. Defendant has a significant criminal history, including multiple convictions for drug-related offenses. Defendant is addicted to heroin and admits daily heroin use for the past five or six years until the date of his arrest. Even after his residence was searched on February 15, 2011, Defendant continued to regularly use heroin. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's significant criminal history, including multiple drug-related convictions, his continuing use of heroin, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.      The time from the Government's oral motion to detain (April 21, 2011) to the filing of this Ruling (April 27, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA